IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SCOTT N. JOHNSON,

    Plaintiff,

v.

SUKHCHARNJIT K. GREWAL,
individually and d/b/a Mountain
Mike's Pizza; Will S. Roxburgh,
individually and d/b/a Fleet
Feet of Fair Oaks; Brockway Capital
Corporation, individually and
d/b/a Max Muscle,

    Defendants.

02:08-cv-01549-GEB-KJM

ORDER TO SHOW CAUSE AND CONTINUING FINAL PRETRIAL CONFERENCE

The Order filed October 22, 2008, scheduled a final pretrial conference in this case on April 19, 2010. That Order required the parties to file a joint final pretrial statement "no later than seven (7) days prior to the final pretrial conference." (October 22, 2008, Order at 4.) No pretrial statement was filed.

Therefore, the final pretrial conference is reset to May 10, 2010, at 1:30 p.m. The parties shall file a joint final pretrial conference statement seven (7) days prior to the final pretrial conference.

Further, each party and counsel is **ORDERED TO SHOW CAUSE (OSC), in a writing filed no later than 4:00 p.m. on April 22, 2010,**

1

why sanctions should not be imposed under Rule 16(f) of the Federal Rules of Civil Procedure for failure to file a timely a final pretrial statement. A party represented by counsel shall include in the written response whether the party or counsel is at fault.[1] Further, each party and counsel shall state in the response to the OSC whether a hearing is requested on the OSC. If a hearing is requested, it will be held at the time of the final pretrial conference.

IT IS SO ORDERED.

Dated: April 15, 2010

GARLAND E. BURRELL, JR.
United States District Judge

---

[1] "If the fault lies with the attorney, that is where the impact of sanction should be lodged. If the fault lies with the clients, that is where the impact of the sanction should be lodged." Matter of Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985). Sometimes the faults of attorneys, and their consequences, are visited upon clients. In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).